# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MONICA DEVINE,

        Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

*Civil Action No.*

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff Monica Devine, by her attorneys, Stoll, Glickman & Bellina, LLP, alleges upon information and belief as follows:

## NATURE OF ACTION

1. Plaintiff Monica Devine ("Ms. Devine" or "Plaintiff") brings this action against Defendant GEICO General Insurance Company ("GEICO" or "Defendant") for declaratory and monetary relief and damages for injuries Plaintiff has sustained as a result of Defendant's discrimination against her based on race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. ("NYSHRL"), and 42 U.S.C. §1981 ("Section 1981").

## PARTIES

2. Plaintiff is a female citizen of the State of New York residing in Nassau County. Plaintiff has been employed by Defendant since 1999, most recently as an E-Recruiter.

1

3. Defendant maintains a principle place of business at 5260 Western Avenue, Chevy Chase, Md. 20815. Defendant is a domestic corporation doing business in New York State with a regional office in Woodbury, New York. Defendant is incorporated under the laws of Delaware. At all relevant times, Defendant met the definition of Plaintiff's "employer" under all applicable statutes.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

5. Since the unlawful conduct complained of occurred within the Eastern District of New York, venue is proper within this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

6. Ms. Devine, a Hispanic woman born in Columbia, South America, has been employed with Defendant for the last 12 years. At all times, Plaintiff worked out of Defendant's regional office in Woodbury, New York.

7. Her credentials include a Bachelor's Degree in Business Administration and a Masters' Degree in International Relations from C.W. Post University.

8. During her 12 years of employment, Plaintiff was employed mostly in positions which involved extensive interaction with Defendant's customers and the public.

9. Plaintiff received strong performance reviews early in her employment while working in Defendant's regional call center and was routinely ranked in the top quartile of all employees in her job category.

10. While employed in the call center, Ms. Devine's supervisors routinely complemented her on her telephone communication skills, going so far as to use one of her customer service calls for training purposes, and appointing her to assist with coaching other call center employees. Ms. Devine was even praised by other third party affiliates, receiving a Toastmasters International GEICO club "competent communicator" certificate.

11. Despite her achievements, Ms. Devine has been unable to move into more desirable positions explicitly because of her supposedly substandard foreign education and purportedly unintelligible accent.

12. This unfortunate pattern began in 2000 when Ms. Devine was demoted from a position she had only recently received. When she inquired about the reasons for her demotion, Linda Maddox, her then-supervisor, explained that her bachelor's degree from abroad "did not mean anything here" and that her co-workers did not think she spoke English well. Hurt and angry, Ms. Devine registered her objection with Ms. Maddox but abandoned her original intent to report the discriminatory decision rationalizing that her future supervisors would not act with the same nakedly discriminatory animus. Given her strong performance record, Plaintiff was hopeful that her career with Defendant would promptly recover from this setback.

13. However, between 2002 and the present, despite strong performance reviews, she applied for and was denied five positions within Defendant's Human Resources Department where she was hoping to start a career as an HR professional.

14. With respect to the last two positions she applied for in December 2011 and January 2012, respectively, she was advised by her interviewer that she would not receive either position because of her accent.

15. Specifically, in January 2012, Plaintiff was interviewed by GEICO Recruiter Rick Hass, who later called and advised her that she would not be selected for the position due to his concerns with her pronunciation and accent. Devastated, Ms. Devine was preparing to leave when Mr. Hass stated, "Do you understand what I am telling you? I see that you are applying for another position, but my concerns are still the same - candidates will be affected because they will not understand you."

16. Ms. Devine responded by insisting that she would not withdraw her application for the second position and, unsurprisingly, was later informed that she had not received the job.

17. Later, in February 2012 after she had complained about Mr. Hass' conduct, Ms. Devine was given an "E-recruiter" position which involved her reviewing on-line resumes and scheduling candidates for in-person interviews with recruiters. However, after being told that she would be involved in in-person interviews, she was never offered the opportunity to do so, and later was involuntarily moved to a position on the "job offer desk" which was an undesirable lateral move.

18. Ms. Devine continued to express her strong desire to move into a recruiter position, emphasizing the fact that she wished to gain more in-person interviewing experience, but the opportunity never materialized.

19. In June, Robert Grassi, Ms. Devine's new manager, addressed her desire to participate more in the interview process. According to Mr. Grassi, the Department remained concerned with the way Ms. Devine spoke and the possibility that prospective candidates may not be able to understand her. He continued by indicating that he was concerned that she would speak too fast in interviews, a fact which he believed could impact a candidate's impression of

the Company. He said that he would like Ms. Devine to improve her communication skills and then he could "in the future" think about permitting her to do interviews.

20. After a month of training, Ms. Devine started in her new position. Within one month, by early August, Mr. Grassi informed her that she would be moved back to the Underwriting Department as a claims administrator where she had previously been assigned before she began interviewing for HR positions. At first, Mr. Grassi advised her that she was being transferred because of errors, but when Ms. Devine showed him that the supposed errors were not actually mistakes, he agreed and erased the performance criticism from Ms. Devine's file. Panicked and upset, Ms. Devine asked Mr. Grassi for another chance but he declined and simply changed the justification for insisting that she leave the Department, saying, "I am concerned with a language barrier – it's a matter of your accent."

21. Afterwards, Ms. Devine was told that she would not be allowed to interview candidates before returning to the Underwriting Department. In August, Mr. Grassi again mentioned his concerns with Ms. Devine's accent, this time putting his opinions in writing and providing Ms. Devine with a copy.

22. Plaintiff's English is clear and pleasant, an observation previously made by managers in the GEICO call center where her communication skills, and by implication her English, were held up as a standard for other employees to emulate.

23. Plaintiff's accent did not materially interfere with her ability to perform any of the duties associated with any of the positions she has held with Defendant.

24. Defendant's actions in discriminatorily demoting Plaintiff, denying her multiple promotions and transitioning her to an undesirable position have caused her to suffer economic damages, emotional distress, harm to her reputation and future pecuniary loss.

5

## AS AND FOR A FIRST CAUSE OF ACTION

### RACE AND NATIONAL ORIGIN DISCRIMINATION – DISPARATE TREATMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e et seq.

25. Plaintiff hereby repeats and realleges each and every one of the above-referenced allegations as if fully set forth herein.

26. Plaintiff is Hispanic and of Columbian national origin.

27. Plaintiff performed satisfactorily since she began her employment and is objectively qualified for all of the positions she has worked in or applied for.

28. Plaintiff was subject to adverse employment actions since she was demoted, denied work assignments, denied positions, received unjustified performance criticism and deprived of networking opportunities because of her race and/or national origin.

29. The Defendant demonstrated discriminatory animus by subjecting Plaintiff to the aforementioned adverse employment actions explicitly because of her accent, a race and national origin-based characteristic, despite the fact that her accent has no impact on her ability to perform in any of the positions she has held or sought to hold.

30. By the acts and practices described above, the Defendant, through its employees and/or agents, subjected Plaintiff to discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.

31. Defendant's employees who exercised managerial/supervisory control over Plaintiff participated in the discriminatory acts and failed to take corrective action. As such, the Defendant is liable.

32. As a direct and/or proximate result of the Defendant's unlawful conduct, Plaintiff has suffered irreparable injuries and monetary damages and will continue to do so unless the Court grants relief.

## AS AND FOR A SECOND CAUSE OF ACTION

### RACE AND NATIONAL ORIGIN DISCRIMINATION – DISPARATE TREATMENT IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXECUTIVE LAW § 290 et seq.

33. Plaintiff hereby repeats and realleges each and every one of the above-referenced allegations as if fully set forth herein.

34. Plaintiff is Hispanic and of Columbian national origin.

35. Plaintiff performed satisfactorily since she began her employment and is objectively qualified for all of the positions she has worked in or applied for.

36. Plaintiff was subject to adverse employment actions since she was demoted, denied work assignments, denied positions, received unjustified performance criticism and deprived of networking opportunities because of her race and/or national origin.

37. The Defendant demonstrated discriminatory animus by subjecting Plaintiff to the aforementioned adverse employment actions explicitly because of her accent, a race and national origin-based characteristic, despite the fact that her accent has no impact on her ability to perform in any of the positions she has held or sought to hold.

38. By the acts and practices described above, the Defendant, through its employees and/or agents, subjected Plaintiff to discrimination in violation of the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.

39. Defendant's employees who exercised managerial/supervisory control over Plaintiff participated in the discriminatory acts and failed to take corrective action. As such, the Defendant is liable.

40. As a direct and/or proximate result of the Defendant's unlawful conduct, Plaintiff has suffered irreparable injuries and monetary damages and will continue to do so unless the Court grants relief.

## AS AND FOR A SECOND CAUSE OF ACTION

### RACE AND NATIONAL ORIGIN DISCRIMINATION – DISPARATE TREATMENT IN VIOLATION OF SECTION 1981, 42 U.S.C. §1981.

41. Plaintiff hereby repeats and realleges each and every one of the above-referenced allegations as if fully set forth herein.

42. Plaintiff is Hispanic and of Columbian national origin.

43. Plaintiff performed satisfactorily since she began her employment and is objectively qualified for all of the positions she has worked in or applied for.

44. Plaintiff was subject to adverse employment actions since she was demoted, denied work assignments, denied positions, received unjustified performance criticism and deprived of networking opportunities because of her race and/or national origin.

45. The Defendant demonstrated discriminatory animus by subjecting Plaintiff to the aforementioned adverse employment actions explicitly because of her accent, a race and national origin-based characteristic, despite the fact that her accent has no impact on her ability to perform in any of the positions she has held or sought to hold.

46. By the acts and practices described above, the Defendant, through its employees and/or agents, subjected Plaintiff to discrimination in violation of Section 1981.

47. Defendant's employees who exercised managerial/supervisory control over Plaintiff participated in the discriminatory acts and failed to take corrective action. As such, the Defendant is liable.

48. As a direct and/or proximate result of the Defendant's unlawful conduct, Plaintiff has suffered irreparable injuries and monetary damages and will continue to do so unless the Court grants relief.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and issue:

(a) An award to Plaintiff for her actual damages in an amount to be determined at trial for lost wages and benefits, including an award of back pay and front pay;

(b) An award to Plaintiff of compensatory damages in an amount to be determined at trial for the future pecuniary loss, reputational harm, humiliation, mental anguish, pain and suffering and emotional distress sustained by her;

(c) An award of punitive damages to deter future conduct by the Defendant, in an amount to be determined at trial;

(d) An award to Plaintiff of the costs of this action, including reasonable attorneys' fees to the fullest extent permitted by law; and

(e) Such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: November 28, 2012

Stoll Glickman & Bellina LLP.

Christopher Q. Davis (CD-7282)
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue, Third Floor
Brooklyn, NY 11217
*Attorneys for Plaintiff*